No. 13277

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

THE MONTANA POWER COMPANY, a Montana
corporation, and PUGET SOUND POWER &
LIGHT COMPANY,

Plaintiffs and Respondents,

-vs-

BOYD CHARTER and ANNE G. CHARTER, his wife;
DREVS FARMING CORPORATION, a Montana
corporation; PHYLLIS O'CONNOR REES, BETTY
O'CONNOR GREENE, JANE O'CONNOR LONG and
GENEVIEVE O'CONNOR CARLISLE,

Defendants and Appellants.

Appeal from:  District Court of the Thirteenth Judicial District,
Honorable Robert H. Wilson, Judge presiding.

Counsel of Record:

For Appellants:

Graybill, Ostrem, Warner and Crotty, Great Falls,
Montana
Gregory T. Warner argued, Great Falls, Montana

For Respondents:

Crowley, Kilbourne, Haughey, Hanson and Gallagher,
Billings, Montana
Thomas N. Kelley argued, Billings, Montana

Submitted:  October 20, 1976

Decided:  DEC 28 1976

Filed: DEC 28 1976

_____
                          Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal by defendant landowners from orders of preliminary condemnation and possession granted to plaintiffs by the district court, Yellowstone County.

Each of the condemnation actions presented for appeal were initiated by plaintiffs Montana Power Company and Puget Sound Power & Light Company pursuant to Title 93, Chapter 99, Revised Codes of Montana, 1947. The purpose of the actions was to gain easements and right of way for construction of a 230-500 KV electric transmission line to serve the plaintiffs' coal-fired generating plants at Colstrip, Montana. Previous to filing the condemnation complaints in district court, plaintiffs obtained a certificate of "environmental compatibility and public need" from the State Board of Natural Resources and Conservation in accordance with the Montana Major Facility Siting Act, Title 70, Chapter 8, Revised Codes of Montana, 1947.

Upon motion, the district court ordered consolidation of the three condemnation actions with a "necessity hearing" scheduled for July 8, 1975. At pretrial conference on that date the court decided it was first necessary to determine whether, under the present Montana law, it was proper for a court to conduct a "necessity hearing" at all with respect to a utility facility of the type involved. Accordingly, counsel for the parties orally stipulated to certain facts so this issue could be resolved.

On December 12, 1975, the district court entered its findings of fact and conclusions of law wherein it determined that the necessity for this particular power line, its location, and land to be taken and the area thereof were matters controlled by the

Montana Major Facility Siting Act and thus within the responsibility of the State Board of Natural Resources and Conservation. Holding that the only issues properly before it were public use and just compensation, the district court ruled the transmission line to be a public use with just compensation to be determined at a future time.

Therefore, the district court entered a preliminary condemnation order on December 12, 1975. On the same day plaintiffs paid into court the amount of compensation claimed by defendants in their answers to the plaintiffs' condemnation complaints. The district court then entered an order granting plaintiffs possession and use of the lands in question.

Defendants on December 31, 1975, moved the district court to stay the orders of preliminary condemnation and possession. The motion was denied by the district court on January 20, 1976.

Defendants appeal from the district court's orders of preliminary condemnation and possession.

On appeal defendants contend the orders of preliminary condemnation and possession were improper because all issues of preliminary condemnation for the power line were controlled by the eminent domain statute, section 93-9901 et seq., R.C.M. 1947, and thus were subject to hearing before the district court. However, we believe the proper disposition of this appeal is controlled by the course of events subsequent to the district court's denial of defendants' motion for a stay.

First, by virtue of the district court's order of possession granted in accordance with section 93-9920, R.C.M. 1947, plaintiffs were entitled to "use and possess" the defendants' lands. We note that this right has been exercised to the point where the transmission towers and lines are now completed on those lands belonging to defendants.

Second, noting the district court's denial of the defendants' motion for a stay of proceedings, we find nothing in the record to indicate any further effort by the defendants to preserve the status quo pending disposition of this appeal.

Since the very acts which defendants sought to enjoin are now accomplished fact, we hold the issue before this Court to be moot and thus not within the province of this Court. Adkins v. City of Livingston, 121 Mont. 528, 194 P.2d 238.

The fact that no party raised the issue of mootness on appeal does not alter this necessary conclusion. Fox v. Hacker, 68 Mont. 413, 220 P. 749. Therefore, this appeal is dismissed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices.

_____
Hon. Jack L. Green, District
Judge, sitting for Justice Wesley
Castles.

- 4 -