No. 94-489

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

JAMES D. McCLURE,

    Petitioner/Appellant,

    v.

STATE COMPENSATION INSURANCE FUND,

    Insurer/Respondent for

BLAZE CONSTRUCTION, INC.,

    Employer/Respondent.

APPEAL FROM:   Workers' Compensation Court
              The Honorable Mike McCarter, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

       Edward K. Duckworth, Ronan, Montana

       For Respondent:

       Susan C. Witte, State Compensation Mutual Insurance
       Fund, Helena, Montana

FILED

JUL 27 1995

Filed: *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs: February 23, 1995

Decided: July 27, 1995

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

The appellant, James McClure appeals from the Workers' Compensation Court's order denying his petition for new trial and certifying judgment as final dated September 7, 1994. We reverse and remand.

BACKGROUND

On June 8, 1992, the appellant James McClure (McClure) was injured in the course and scope of his employment with Smith Enterprises, Inc. (Smith). At the time of the injury, Smith, a tribal-owned business, **was** an independent contractor of Blaze Construction, Inc. (Blaze). Blaze was the prime contractor for the Bureau of Indian Affairs (BIA) **to** construct streets in a subdivision located on the Flathead Indian Reservation. Blaze's contract with the BIA required evidence of workers' compensation insurance. A letter incorporated as part of that contract provided in part:

> (a)*Workers'* Compensation *Insurance.* The Contractor shall furnish evidence to the Government that <u>all operations to be performed under the contract are covered by Workers' Comwensation Insurance</u> or that this liability is otherwise provided for in accordance with applicable State laws. [Emphasis added.1

Similarly, Blaze's contract with Smith required Smith to acquire workers' compensation coverage:

> (h) To pay Industrial Insurance and all other payments required under Workmen's Compensation laws as the same become due, and to furnish to the CONTRACTOR with evidence that the same has been paid before final payment is made on this SUB-CONTRACT.

Moreover, the subcontract which Smith signed also provided in

pertinent part:

> 2. [Smith agrees] To be bound by the terms of said MAIN CONTRACT [the contract between Blaze as prime contractor and the property owner] with the OWNER (including every part of and all the general and special conditions, drawings, specifications and addenda) in any way applicable to this Subcontract

Blaze carried workers' compensation coverage, however, Smith did not. Because Smith was not insured at the time of McClure's injury, McClure initially filed a claim with the State Compensation Insurance Fund (State Fund) seeking benefits from the Uninsured Employers Fund. The State Fund denied liability on the basis that the Uninsured Employers Fund does not have jurisdiction over businesses owned by tribal members operating solely within the confines of the reservation. McClure then filed a claim for compensation against Blaze pursuant to § 39-71-405(1), MCA (1991).

On October 7, 1993, the Workers' Compensation Court denied McClure's motion for declaratory ruling yet agreed to bifurcate the issue of the applicability of Montana's workers' compensation laws to the Flathead Indian Reservation. On December 22, 1993, McClure filed a renewed motion for declaratory ruling. The Workers' Compensation Court again denied the motion and on September 7, 1994 issued an order denying McClure's petition for new trial and certifying judgment as final. McClure appeals the September 7, 1994 order denying petition for new trial and certifying judgment as final.

## ISSUES

McClure raises two issues on appeal. They are:

Did the Workers' Compensation court err in its determination that McClure is not entitled to benefits under § 39-71-405, MCA?

3

Did the Workers' Compensation court err in its determination that a claim for workers' compensation benefits based upon a third-party beneficiary contractual theory is beyond the scope of its jurisdiction?

## STANDARD OF REVIEW

The facts of this case are essentially undisputed. McClure argues that the District Court erred in its legal conclusions when it determined that McClure is not entitled to benefits under § 39-71-405(1), MCA, and that a claim for workers' compensation benefits based upon a third-party beneficiary contractual theory is beyond the scope of its jurisdiction. In reviewing the Workers' Compensation Court's conclusions of law, we determine if the court's interpretation of the law is correct. Plainbull v. TransAmerica Ins. Co. (1994), 264 Mont. 120, 124, 870 P.2d 76, 79 (citing Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603).

## DISCUSSION

(1) Did the Workers' Compensation Court err in its determination that McClure is not entitled to benefits under § 39-71-405, MCA?

McClure appeals the Workers' Compensation Court's holding that he is not entitled to benefits under Blaze's workers' compensation coverage because Smith does not fall within the purview of the Workers' Compensation Act and therefore the applicable independent contractor statute, § 39-71-405(1), MCA, is not triggered.

McClure argues that pursuant to § 39-71-405(1), MCA, Blaze, the prime contractor, is liable for payment of benefits to McClure, an employee of Smith, the independent contractor, because Smith did

4

not carry workers' compensation coverage. According to McClure, state workers' compensation jurisdiction over Indian employers is not at issue here. In summary, McClure argues that Smith's contractual obligation triggers § 39-71-405(1), MCA, placing liability on Blaze.

The resolution of the issues presented hinges on § 39-71-405(1), MCA (1991), which provides:

> Liability of employer who contracts work out. (1) An employer who contracts with an independent contractor to have work performed of a kind which is a regular or a recurrent part of the work of the trade, business, occupation, or profession of such employer is liable for the payment of benefits under this chapter to the employees of the contractor <u>if the contractor has not properly complied with the coverage requirements of the Worker's Compensation Act.</u> Any insurer who becomes liable for payment of benefits may recover the amount of benefits paid and to be paid and necessary expenses from the contractor primarily liable therein. [Emphasis added.]

The Workers' Compensation Court found that on its face, the statute "applies only in cases where the subcontractor 'has not properly complied with the coverage requirements of the Worker's [sic] Compensation Act,' a situation commonly referred to as involving an 'uninsured employer."' Due to the bifurcation of the issue of the applicability of the Montana Workers' Compensation Act to the Flathead Indian Reservation, the court assumed that the Act did not apply to Smith. Therefore, the court interpreted the phrase "properly complied with the coverage requirements" to apply only to situations where the independent contractor is statutorily required to provide coverage for its employees and fails to do so.

At the outset, we note that the 1991 codes, not the 1993 codes, apply to McClure's 1992 injury. Buckman v. Montana

5

Deaconess Hosp. (1986), 224 Mont. 318, 321, 730 P.2d 380, 382. Accordingly, § 39-71-401(2)(m), MCA, (exempting from the Workers' Compensation Act "a person who is employed by an enrolled tribal member who operates solely within the exterior boundaries of an Indian reservation.'!) does not apply here. However prior to 1993, the Attorney General opined that Montana's workers' compensation statutes do not apply to Indian businesses conducted on an Indian reservation. 37 Op.Att'y Gen. 28 (May 25, 1977). Accordingly, at the **time** of McClure's injury, Smith, an Indian employer operating within the exterior boundaries of an Indian reservation, was not required by Montana law to provide workers' compensation coverage for his employees. With that status of the law in mind, we analyze the issues before us.

According to the rules of statutory construction, we construe the language of the statute according to its plain meaning. In construing a statute, "the office of the judge is simply to ascertain and declare what **is** in **terms or** in substance contained therein, not to insert what has been omitted or **to omit** what has been inserted." Section 1-2-101, MCA; Tongue River Elec. Coop. v. Mont. Power Co. (1981), 195 Mont. 511, 515, 636 P.2d 862, 864. The plain language of § 39-71-405(1), MCA, merely makes the employer liable for the payment of benefits to the contractor's employee if the contractor fails to properly comply with the requirements of the Workers' Compensation Act. There is no language in § 39-71-405(1), MCA, indicating that the independent contractor must have a statutory obligation to obtain coverage before the section is triggered. In fact, it is not relevant why the independent

6

contractor did not "properly comply" with the Act's requirements, only that the independent contractor did not properly comply with the Act's requirements, while having some obligation to do so.

This Court has not previously addressed the issue before us. However, in Webb v. Masonry Const. Co. (1988), 233 Mont. 198, 761 P.2d 343 (concerning immunity from tort liability under the Workers' Compensation Act), we interpreted the legislative intent of § 39-71-405 (1), MCA, stating the Workers' Compensation Act "was conceived, enacted and is supposed to be implemented primarily to provide aid and relief to injured working men and women." Webb, 761 P.2d at 350.

Pursuant to § 39-71-405(1), MCA, a "contractor-under" statute, if Smith has not properly complied with the requirements of the Act, having an obligation to do so, then Blaze is liable for McClure's benefits. Here, the nature and source of Smith's obligation to provide workers' compensation benefits does not derive from the Act, however, for although Smith did not have a statutory obligation to comply with the Act, Smith did have a contractual obligation to comply. Moreover, under Blaze's contract with the BIA, Blaze had the obligation to make sure that "all operations to be performed under the contract [were] covered by Workers' Compensation Insurance." (Emphasis added). Accordingly, it was Blaze's obligation to enforce his contract with Smith to ensure that Smith carried workers' compensation coverage for the benefit of his employees. We conclude that Smith's contract with Blaze triggers Smith's obligation under § 39-71-405(1), MCA, to properly comply with the coverage requirements of the Workers'

7

Compensation Act, and, hence, Blaze's "contractor-under" obligation when Smith failed to do so.

We note, in passing, that this case does not present the issue of whether the State can enforce its workers' compensation laws against an Indian employer within the exterior boundaries of an Indian reservation. See 37 Op.Att'y Gen. 28 (May 25, 1977), and the 1993 amendments to § 39-71-401, MCA, at subparagraph (2)(m), 1993 Montana Laws ch. 555, § 4. While the State may not require an Indian employer operating within the reservation to comply with the Workers' Compensation Act, it does not follow that the Indian employer who, nevertheless, elects coverage because of, for example, a contractual obligation to purchase such coverage, would be precluded from doing so.

We hold that McClure is entitled to benefits under § 39-71-405(1), MCA. Because we conclude that McClure is entitled to benefits pursuant to § 39-71-405(1), MCA, we will not address his third-party beneficiary claims. We reverse and remand to the Workers' Compensation Court to fix and determine the amount of McClure's benefits.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

9

Justice Karla M. Gray, specially concurring.

I concur in the Court's opinion but not in everything which is said therein. I write separately to clarify what I perceive to be the thrust of the Court's decision.

In pertinent part, Blaze's contract with the BIA required Blaze to furnish evidence that all operations to be performed under the contract were covered by workers' compensation insurance. Blaze's subcontract with Smith required Smith to be bound by all terms of the primary contract; this provision, of course, would include the BIA-Blaze contract term that all operations be covered by workers' compensation insurance. Thus, Blaze's contract with Smith, taken together with the BIA-Blaze contract required Smith to obtain workers' compensation insurance. Smith did not do so and, therefore, liability is properly imposed on Blaze pursuant to § 39-71-405(1), MCA.

The portion of the Court's opinion with which I do not agree states that the following language in the Blaze-Smith subcontract required Smith to acquire workers' compensation coverage:

> (h) To pay Industrial Insurance and all other payments required under Workmen's Compensation laws as the same become due . . .

The quoted language does <u>not</u> require Smith to obtain workers' compensation coverage because, as the Court correctly states, the Workers' Compensation Act does not apply to Smith. Thus, because the Act did not require Smith to obtain coverage, this provision in the Blaze-Smith subcontract is not a proper basis for the Court's conclusion in this case.

_____
                        Justice

Chief Justice J.A. Turnage concurs in the foregoing special concurrence.

_____
                        Chief Justice

10

July 27, 1995

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by **United** States mail, prepaid, to the following named:

Edward K. Duckworth
Attorney At Law
104 Highway 93 South
Ronan MT 59864

Susan C. Witte
State Compensation Mutual Insurance Fund
Box 4759
Helena MT 59604-4759

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy